NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 22 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MANUELA FRANCISCA TOMAS-LORENZO; et al., <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.   15-73295 <br><br> Agency Nos.   A206-807-204 <br> A206-807-205 <br> A206-807-206 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 15, 2022[**]

Before:   SILVERMAN, WATFORD, and FORREST, Circuit Judges.

Manuela Francisca Tomas-Lorenzo and her minor two sons, natives and

citizens of Guatemala, petition for review of the Board of Immigration Appeals'

("BIA") order dismissing their appeal from an immigration judge's decision

denying their application for asylum and denying Tomas-Lorenzo's application for

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

withholding of removal and relief under the Convention Against Torture ("CAT").

Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo the legal

question of whether a particular social group is cognizable, except to the extent

that deference is owed to the BIA's interpretation of the governing statutes and

regulations. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241-42 (9th Cir. 2020). We

review for substantial evidence the agency's factual findings. *Id*. at 1241. We

deny in part and dismiss in part the petition for review.

The agency did not err in concluding that petitioners did not establish

membership in a cognizable particular social group. *See Reyes v. Lynch*, 842 F.3d

1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular

social group, "[t]he applicant must 'establish that the group is (1) composed of

members who share a common immutable characteristic, (2) defined with

particularity, and (3) socially distinct within the society in question'" (quoting

*Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))). To the extent

petitioners raise a new particular social group in their opening brief, we lack

jurisdiction to consider it. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir.

2004) (court lacks jurisdiction to review claims not presented to the agency).

Thus, petitioners' asylum claim and Tomas-Lorenzo's withholding of removal

claim fail.

15-73295

Substantial evidence also supports the agency's denial of CAT relief because Tomas-Lorenzo failed to show it is more likely than not she will be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

We reject as unsupported by the record petitioners' contentions that the BIA violated their due process rights by using its streamlining procedures or by failing to explain its reasoning.

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**